**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:
**DAVID M. ZENT**
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:
**GREGORY F. ZOELLER**
Attorney General of Indiana

**KENNETH E. BIGGINS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KEVIN D. MORRIS, | ) | |
| | ) | |
| Appellant/Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1406-CR-216 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee/Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D05-1307-FC-228

**December 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

## Case Summary

The State charged Kevin Morris with Class C felony battery and Class D felony criminal recklessness after he stabbed his fiancée's father. A jury found Morris guilty as charged and determined that he was a habitual offender, and Morris received a twenty-year aggregate sentence. He now appeals, arguing that his sentence is inappropriate in light of the nature of the offenses and his character. Because we conclude that Morris's sentence is appropriate, we affirm the trial court.

## Facts and Procedural History

In July 2013 Morris and Anthony Gooden were involved in a fight over Nicole Gooden, Anthony's daughter and Morris's fiancée. At some point during the fight, Morris pulled out a three-inch pocket knife and stabbed Anthony four times, puncturing one of Anthony's lungs. Anthony was hospitalized for two months and incurred more than $30,000 in medical bills.

The State charged Morris with Class C felony battery and Class D felony criminal recklessness and alleged that he was a habitual offender. A jury found Morris guilty as charged and determined that he was a habitual offender. When sentencing Morris, the trial court found no mitigating circumstances. Sent. Tr. p. 25-26. The court did find aggravating circumstances, however, including Morris's previous convictions for Class C felony battery (2000), Class D felony possession of cocaine (2003), and Class C felony battery (2008); misdemeanor convictions for false reporting/informing (2000 and 2002) and driving without a license (1999); juvenile adjudication for what would have been

false reporting/informing if committed by an adult;[1] and unsuccessful experiences with alternative sentencing, including suspended sentencing and parole. *See id.* at 26-28; Presentence Investigation Report p. 4-6.

The trial court sentenced Morris to an aggregate twenty-year term: eight years for battery, enhanced by twelve years for being a habitual offender, and a three-year concurrent term for criminal recklessness.

Morris now appeals.

### Discussion and Decision

Morris contends that his sentence is inappropriate. The Indiana Constitution authorizes independent appellate review and revision of a trial court's sentencing decisions. *Brown v. State*, 10 N.E.3d 1, 4 (Ind. 2014). We implement this authority through Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Id.* Morris bears the burden on appeal of proving that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—

---

[1] According to Morris, he also has juvenile adjudications for robbery, assault with a firearm, and exhibiting a firearm. *See* Sent. Tr. p. 26 ("You've also self-reported . . . having a juvenile record in Orange County, California, apparently for Robbery, Assault with a Firearm on a Person and Exhibiting a Firearm. There's no information in the PSI that supports that other than your self-reported self-admission . . . .").

the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Id.* at 1224. In assessing whether a sentence is inappropriate, appellate courts may take into account whether a portion of the sentence is ordered suspended or is otherwise crafted using any of the variety of sentencing tools available to the trial judge. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010). These tools include probation, home detention, placement in a community-corrections program, executed time in a Department of Correction facility, concurrent rather than consecutive sentences, and restitution/fines. *Id.*

At the time Morris committed the underlying offenses, the sentencing range for a Class C felony was between six and twenty years, with an advisory sentence of ten years. Ind. Code Ann. § 35-50-2-5 (West 2012). The sentencing range for a Class D felony was six months to three years, with one and one-half years being the advisory term. Ind. Code Ann. § 35-50-2-7 (West 2012). Because Morris was found to be a habitual offender, the trial court was required to sentence him to an "additional fixed term that is not less than the advisory sentence for the underlying offense nor more than three (3) times the advisory sentence for the underlying offense." Ind. Code Ann. § 35-50-2-8(h) (West 2012). Here, the trial court sentenced Morris to an aggregate twenty-year term: eight years for Class C felony battery, enhanced by twelve years for being a habitual offender,

4

and a three-year concurrent term for Class D felony criminal recklessness. This sentence is within the statutory range.

The nature of the offenses is serious. Morris stabbed Anthony, his fiancée's father, four times during a fight. One stab wound punctured Anthony's lung. Anthony was hospitalized for two months and incurred more than $30,000 in medical bills.

Morris's character does not help his cause. This is Morris's third Class C felony battery conviction. He also has a felony conviction for possession of cocaine, misdemeanor convictions for false reporting/informing and driving without a license, and a juvenile adjudication for what would have been false reporting/informing if committed by an adult. In addition, Morris's Presentence Investigation Report indicates that he is at a very high risk of reoffending. PSI p. 9. Morris failed to take advantage of alternative sentencing when it was offered to him—his parole was revoked in 2002 and twice he received a suspended sentence that was later reinstated due to his failure to comply with probation or other legal requirements. *See id.* at 4-6. Despite many opportunities to reform his conduct, Morris continues to engage in criminal behavior.

Finally, Morris's claim that his sentence is inappropriate because he is not "among the very worst offenders and . . . he did not commit[] one of the very worst offenses," Appellant's Br. p. 7, is not persuasive because Morris did not receive the maximum sentence. The trial court could have sentenced Morris to an aggregate sentence of twenty-three years; instead, the court ordered Morris's three-year sentence for criminal recklessness to be served concurrent to his battery/habitual-offender sentence.

Morris has failed to persuade us that his aggregate twenty-year sentence is inappropriate in light of the nature of his offenses and his character.

Affirmed.

BAKER, J., and RILEY, J., concur.